[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12269
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00476-PAM-MRM


REGIONS BANK,
an Alabama state-chartered bank,

Plaintiff–Counter Defendant
Appellee,

versus

LEGAL OUTSOURCE PA,
a Florida professional association,
PERIWINKLE PARTNERS, LLC,
A Florida limited liability company, et al.,

Defendants–Counter Claimants
Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 29, 2020)

Before WILLIAM PRYOR, MARTIN, and ROSENBAUM Circuit Judges.

PER CURIAM:

Charles and Lisa Phoenix and their companies, Legal Outsource PA and Periwinkle Partners, LLC, appeal the denial of their motion to recuse. We recently affirmed the underlying judgment against the Phoenixes and their companies, *see Regions Bank v. Legal Outsource PA*, 936 F.3d 1184 (11th Cir. 2019), as well as the denial of their motion to vacate the judgment in favor of Regions Bank and an award of attorney's fees and costs to Regions, *see Regions Bank v. Legal Outsource PA*, 777 F. App'x 476 (2019). The obligors now argue that the district judge was pervasively biased against them throughout the trial. The district court denied the motion to recuse as "utterly without merit." It added that the obligors' "losses in this lawsuit stem not from any preconceived bias against them, but from the fact that neither the law nor the facts supported the arguments they made." We affirm.

We review for an abuse of discretion the denial of a motion to recuse. *Draper v. Reynolds*, 369 F.3d 1270, 1274 (11th Cir. 2004). "When employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

The obligors argue that the district judge should have recused himself under two statutes, 28 U.S.C. §§ 144, 455. Section 144 mandates that a district judge "shall proceed no further" when "a party . . . makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice" for or against any party. *Id.* § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Section 455 requires recusal when a district judge's "impartiality might reasonably be questioned" or when the district judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Padgett*, 223 F.3d at 1333.

The district court did not abuse its discretion when it denied the obligors' motion to recuse because their motion was untimely. *See* 28 U.S.C. § 144 (requiring affidavits alleging bias to the "timely"); *United States v. Siegelman*, 640 F.3d 1159, 1188 (11th Cir. 2011) (holding that untimeliness "is itself a basis upon which to deny" a motion for recusal under section 455). The obligors' motion came almost a year after the district court's last ruling in their case, long after they had the information that underpins their recusal motion. Their motion "has all the

3

earmarks of an eleventh-hour ploy based upon [their] dissatisfaction with the jury's verdict and the judge's post-trial rulings." *Siegelman*, 640 F.3d at 1188.

The obligors' motion is also meritless. The litany of examples that they cite as evidence of purported bias fall into two categories: rulings and statements of the district judge. But neither warrant recusal here.

First, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). All of obligors' assertions that various rulings of the district court establish bias rely heavily on speculation and most are conclusory. And this Court has already affirmed some of the rulings that the obligors allege show bias; indeed, we affirmed one of these rulings after concluding that the obligors' challenge to it was frivolous. *See Regions Bank*, 777 F. App'x at 478. So this appeal is not one of the "rarest circumstances" in which judicial rulings "evidence the degree of favoritism or antagonism required [for recusal] . . . when no extrajudicial source is involved." *Id.*

Second, every statement that the obligors identify as sources of bias—for example, the district judge's comment that the obligors' "litigation tactics are nothing short of abhorrent"—are at most "expressions of impatience, dissatisfaction, annoyance, and . . . anger," which are not grounds for recusal. *Id.* at 555–56. "[O]pinions formed . . . on the basis of facts introduced or events

occurring in the course of current proceedings" will not sustain a recusal motion "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. The obligors have not proved judicial bias, much less that the district court abused its discretion.

This appeal is the obligors' third attempt to challenge the district court's rulings against them. Although it is clear that they vehemently oppose these rulings, any animosity they may hold toward the district judge is not a valid reason to force disqualification or otherwise overturn the final judgment against them. *See FDIC v. Sweeney*, 136 F.3d 216, 220 (1st Cir. 1998). The obligors must recognize that "[a]t some point all litigation must end." *Jimenez v. S.D. Fla.*, 84 S. Ct. 14, 19 (1963) (Goldberg, J., in chambers).

We **AFFIRM** the denial of the motion to recuse.